**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| LEE BRIAN HOPFENSPERGER,<br><br>Plaintiff,<br>v.<br><br>CITY OF OSHKOSH, CITY OF OSHKOSH POLICE DEPARTMENT, JACOB MACDONALD, SAMUEL SCHULDES, and UNKNOWN,<br><br>Defendants. | Case No. 26-CV-1022-JPS<br><br>**ORDER** |

Plaintiff Lee Brian Hopfensperger, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. This order screens Plaintiff's complaint and resolves his motion for leave to proceed without prepaying the filing fee.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 10, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $0.00. ECF No. 5. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay

the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names Defendants City of Oshkosh, Oshkosh Police Department, Jacob MacDonald ("MacDonald"), Samuel Schuldes ("Schuldes"), and Unknowns. ECF No. 1 at 1. On January 26, 2025, MacDonald and Schuldes were dispatched to a medical call in Oshkosh. *Id.* at 3. MacDonald and members of the fire department were helping Plaintiff down the stairs. *Id.* When Plaintiff was about halfway down the stairs, MacDonald signaled Schuldes to arrest Plaintiff. *Id.* Plaintiff complied with their instructions to place his hands behind his back; however, the officers yelled for Plaintiff to quit resisting. *Id.* MacDonald then applied weight to Plaintiff and caused him to fall down the stairs. *Id.* Plaintiff had the handcuffs on one wrist with his hands above his head and was almost in a fetal position wrapped around the door frame. *Id.* Schuldes said, "Mac we got him." *Id.* MacDonald screamed that Plaintiff was getting tased and he knew he got him. *Id.*

Plaintiff was in a "surrender position" and had already been checked for weapons. *Id.* MacDonald deployed the taser into Plaintiff's body and screamed for Plaintiff to put his hands behind his back. *Id.* MacDonald was on top of Plaintiff and it was impossible to do so. *Id.* MacDonald then stunned Plaintiff in the genital area multiple times. *Id.* at 3-4. At no point was Plaintiff threatening or aggressive towards Defendants. *Id.*at 4. MacDonald tased Plaintiff again and again after Plaintiff's hands were

behind his back and while Schuldes tried to handcuff him. *Id.* MacDonald then struck Plaintiff with the taser. *Id.* Plaintiff tried to protect himself by going into the fetal position. *Id.* MacDonald struck Plaintiff multiple times in the head and stomach and caused Plaintiff excruciating pain; Plaintiff's father-in-law yelled that MacDonald's actions were excessive. *Id.* Plaintiff kept trying to comply with the officers' request, but they would not let him because they were on top of him. *Id.* Plaintiff maintains that the body camera footage of his arrest shows that he was attempting to comply. *Id.* Plaintiff also maintains that the video shows that he was not reaching for Macdonald's weapon like MacDonald claimed. *Id.* Plaintiff believes MacDonald made false accusations to justify his use of excessive force. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff may proceed on a Fourth Amendment excessive force claim against MacDonald. "[A]ll claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "The reasonableness inquiry is an objective one, examining 'whether the officer's actions are objectively reasonable in light of the totality of the facts and circumstances confronting him or her, without regard for consideration of the officer's subjective intent or motivations." *Payne v. Stacy*, Case No. 18-CV-850, 2020 WL 886185, at *3 (E.D. Wis. Feb. 24, 2020), *appeal dismissed*, Case No. 20-1509, 2020 WL 5793102 (7th Cir. June 12, 2020) (citations omitted). The actions taken by an officer "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citations omitted).

Plaintiff claims that Macdonald used excessive force against him during an arrest when he was not resisting and did not pose a danger to the officers. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on a Fourth Amendment excessive force claim against MacDonald.

Second, Plaintiff may proceed against Schuldes for failing to intervene against MacDonald's use of excessive force. An officer may be liable for the failure to intervene if he knew about a constitutional violation and had the ability to intervene but failed to do so "with deliberate or reckless disregard for the plaintiff's constitutional rights." *Koutnik v. Brown*, 351 F. Supp. 2d 871, 876 (W.D. Wis. 2004) (citing *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004)). Drawing all reasonable inferences, Schuldes was present while MacDonald used excessive force on Plaintiff. At the pleading stage, this is sufficient to allege that his failure to intervene on Plaintiff's behalf or protect him from harm violated his constitutional rights. As such, the Court will allow Plaintiff to proceed on a failure to intervene claim against Schuldes.

Third, the Court will dismiss the Oshkosh Police Department and the City of Oshkosh as defendants. A police department is generally not a proper defendant. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Although a city can be a proper defendant in a Section 1983 case, Plaintiff has not plead facts to support a claim against the City of Oshkosh here. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social*

*Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Plaintiff does not allege any facts to state a *Monell* claim against the City of Oshkosh He makes no mention of the failure to train or any unconstitutional policy, customs, or practice. As such, the Court will dismiss Defendants Oshkosh Police Department and the City of Oshkosh from this action. Finally, the Court will dismiss the Unknown doe defendants because Plaintiff does not make any allegations against them.

## 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment excessive force claim against MacDonald.

**Claim Two:** Failure to intervene claim against Schuldes.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants City of Oshkosh, Oshkosh Police Department, and Unknown be and the same are hereby **DISMISSED** for the failure to state a claim against them;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants **MacDonald**

**and Schuldes** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **MacDonald and Schuldes** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned

that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $350.00 balance of the filing fee to the Clerk of Court as he is able; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.